

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| QUEMUEL ARROYO,<br><br>    Plaintiff,<br><br>v.<br><br>MILTON ACADEMY, MILTON ACADEMY d/b/a THE MOUNTAIN SCHOOL, ALDEN SMITH, SUSAN RINEHART,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   Case No. 5:10-cv-117<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE ANSWER
(Doc. 24)

This matter came before the court on the motion to amend the Answer filed by Defendants Milton Academy, The Mountain School, Alden Smith, and Susan Rinehart. Defendants seek permission to amend their Answer to add two statutory affirmative defenses. Plaintiff Quemuel Arroyo opposes the motion.

Defendants sought leave to amend approximately four months after filing their original Answer on June 10, 2010. Discovery remains ongoing pursuant to a Revised Stipulated Discovery Order signed by the court on November 24, 2010.

Pursuant to Fed. R. Civ. P. 15(a), the court should freely give leave to amend "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit has held that a Rule 15(a) motion "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005) (quoting *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). This rule applies even where, as here, the

proposed amendment seeks to add affirmative defenses that might otherwise be waived. *See United States v. Continental Ill. Nat. Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1253 n.4 (2d Cir. 1989) (noting that Rule 8, which requires all affirmative defenses to be pled in a responsive pleading, is modified by Rule 15 with respect to the amendment of pleadings); *see also N.A.A.C.P. v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 460 (E.D.N.Y. 2003) (notwithstanding the mandatory nature of Rule 8(c), "[t]he court may . . . freely grant leave to amend pleadings 'when justice so requires'" under Rule 15).

Defendants seek to add a limitation of liability defense under Mass. Gen. Laws. Ann. ch. 231, § 85K, which limits tort liability for certain charitable organizations,[1] and a qualified immunity defense under N.Y. Not-For-Profit Corp. Law § 720-a (McKinney 1986), which provides qualified immunity for uncompensated directors, officers, and trustees of non-profit organizations.[2] Plaintiff does not contend, and the court does not find, that the proposed amendments are made in bad faith. Plaintiff nonetheless opposes amendment because of undue delay, prejudice, and futility. "Keeping in mind the

---

[1] "It shall not constitute a defense to any cause of action based on tort brought against a corporation, trustees of a trust, or members of an association that said corporation, trust, or association is or at the time the cause of action arose was a charity; provided, that if the tort was committed in the course of any activity carried on to accomplish directly the charitable purposes of such corporation, trust, or association, liability in any such cause of action shall not exceed the sum of twenty thousand dollars exclusive of interest and costs. . . . No person who serves as a director, officer or trustee of an educational institution which is, or at the time the cause of action arose was, a charitable organization, qualified as a tax-exempt organization under 26 U.S.C. § 501(c)(3) and who is not compensated for such services, except for reimbursement of out of pocket expenses, shall be liable solely by reason of such services as a director, officer or trustee for any act or omission resulting in damage or injury to another, if such person was acting in good faith and within the scope of his official functions and duties, unless such damage or injury was caused by willful or wanton misconduct." M.G.L.A. 231 § 85K.

[2] "[N]o person serving without compensation as a director, officer or trustee of a corporation, association, organization or trust described in section 501(c)(3) of the United States internal revenue code shall be liable to any person other than such corporation, association, organization or trust based solely on his or her conduct in the execution of such office unless the conduct of such director, officer or trustee with respect to the person asserting liability constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability." N.Y. Not-for-Profit Corp. Law § 720-a (McKinney 1986).

2

principle that leave to amend should be freely given, it is the non-moving party's burden to demonstrate" that leave to amend should be denied. *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 385 (D. Conn. 2008).

Plaintiff first argues that the motion to amend has been unreasonably delayed and that permitting amendment now would cause prejudice. He contends that the delay is undue because the proposed amendments are not based on any newly discovered facts. He claims prejudice on two grounds: (1) new affirmative defenses will require extensive additional discovery that will delay the proceedings; and (2) because the statute of limitations on his claim has expired, he would be unfairly prevented from naming additional defendants who would not be protected by the limited liability statutes.

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (quoting *Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980)). To assess claims of prejudice, the court considers whether assertion of the new defenses would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350.

Here, the court finds that permitting Defendants to amend their Answer will not unduly prejudice Plaintiff or materially delay the proceedings. First, Plaintiff will not be required to expend significant additional resources on discovery because he has already propounded discovery related to the proposed affirmative defenses. (Doc. 29-2 ¶¶ 1-5.) Second, Plaintiff fails to establish how the addition of two legal defenses will require extensive factual inquiries. Third, the deadline for completion of discovery does not expire until March 31, 2011. Accordingly, any required additional discovery will not

unduly delay resolution of these proceedings. *See Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 417 (S.D.N.Y. 2002) (noting that motion to amend answer may be granted "if discovery has not proceeded very far, or if a trial is not imminent") (quoting *Chrysler Corp. v. Fedders Corp.*, 540 F. Supp. 706, 715-16 (S.D.N.Y. 1982)).

Finally, because Plaintiff had prior notice of the proposed affirmative defenses, he could have named defendants to whom the defenses would not apply in the instant Complaint. Plaintiff first brought his claim in New York state court, where the named defendants asserted the very same affirmative defenses that Defendants now seek to invoke here. Thus, when Plaintiff re-filed in this court, he was well aware of these potential affirmative defenses and the facts upon which they are based, and had the opportunity to construct his Complaint accordingly. Prior notice of the proposed affirmative defenses weighs against finding that Plaintiff will be prejudiced by his present inability to add new defendants. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) ("we will be most hesitant to allow amendment where doing so unfairly surprises the non-movant") (citing *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877-78 (9th Cir. 1995) (noting that plaintiff's knowledge of factual basis for new defense weighs against claim that plaintiff was prejudiced by the delay)); *see also Block*, 988 F.2d at 351 (permitting defendants to assert an affirmative defense four years after the complaint was filed because plaintiffs had knowledge of the facts giving rise to the defense).

Plaintiff argues next that the proposed defenses are futile. "In addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Aetna*, 404 F.3d at 604 (internal quotation marks omitted). Thus, the court must accept the facts alleged by the party seeking amendment as true and construe them in the light most favorable to that party. *Id.* A proposed claim or defense is futile if it does not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Plaintiff argues that both of the asserted defenses are futile because Vermont law will govern the measure of damages in this case, and thus Defendants cannot rely on state

4

laws from other jurisdictions that limit the liability of charitable organizations and their officers. Defendants disagree, and argue that even if Vermont law governs liability, the measure of damages may nonetheless depend on either New York or Massachusetts law. (Doc. 29 at 5-6) (citing *Miller v. White*, 167 Vt. 45, 49, 702 A.2d 392, 394 (1997) (emphasizing that choice-of-law questions require an issue-by-issue determination)); *see also Ellerton v. Ellerton*, 2010 WL 4004948, at *6 (D. Vt. Oct. 8, 2010) ("Conflict-of-law issues should be decided under an issue-specific approach . . . which recognizes that in a single action different states may have different degrees of interests with respect to different operative facts and elements of a claim or defense.") (quoting *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 2006 WL 1288298, at *23 (S.D.N.Y. May 9, 2006) (other internal quotation marks omitted)).

As this suit is brought under this court's diversity jurisdiction, Vermont's choice of law rules dictate which substantive law governs Plaintiff's claims, including the measure of damages. *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008). Under Vermont law, which follows the Restatement (Second) of Conflicts, conducting a choice-of-law analysis in tort cases requires a fact intensive inquiry into the interests of the various fora and their relationships with the parties involved, as well as assessments of the policy implications of applying the law of one jurisdiction over another. *See McKinnon v. F.H. Morgan & Co., Inc.*, 170 Vt. 422, 424-25, 750 A.2d 1026, 1028-29 (2000). Even though decisions made on a motion to amend do not constitute the law of the case, *see Care Envtl. Corp. v. M2 Techs., Inc.*, 2006 WL 148913, at *8 n.9 (E.D.N.Y. Jan. 18, 2006), it would be premature to resolve these complex questions before the completion of discovery. The court will therefore not find that Defendants' proposed defenses are futile on choice-of-law grounds. This approach is further supported by the court's prior conclusion that permitting amendment will neither prejudice Plaintiff, nor force him to expend significant additional resources on discovery and trial preparation.

5

Because Plaintiff has not demonstrated that assertion of the Defendants' proposed affirmative defenses would be futile or cause undue prejudice, "Rule 15's mandate must be obeyed," *Monahan*, 214 F.3d at 283, and Defendants' motion to amend their answer (Doc. 24) is hereby GRANTED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of January, 2011.

Christina Reiss, Chief Judge
United States District Court